**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosetta Carroll, | No. CV-22-00009-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Rosetta Carroll ("Plaintiff") brought this action under 42 U.S.C. §§ 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner"). (Doc. 1.) The Court referred the matter to Magistrate Judge D. Thomas Ferraro for Report and Recommendation ("R&R") under 28 U.S.C. § 636(b)(1) and LR Civ. 72.1 and 72.2. (Doc. 16.) On February 2, 2023, Judge Ferraro issued his R&R finding that the Administrative Law Judge ("ALJ") erred and recommending that this Court vacate the Commissioner's decision and remand for further proceedings. (Doc. 23 at 15.) The R&R notified the parties they had fourteen (14) days from the date of the R&R to file any objections. *Id.* No objections have been filed.

**I.   Background**

Plaintiff filed her application for Title II Disability Benefits on November 6, 2017, alleging disability beginning September 8, 2017.[1] (*See* Administrative Record ("AR") at 139.) She alleged disability due to multiple hereditary extoisis, nissen fundoplication,

---
[1] The R&R explains Plaintiff amended her onset date from an earlier in time onset date. (*See* Doc. 23 at 2.)

Fibromyalgia, hiatal hernia, and Polymyalgia rheumatica. (AR 114–15.)

After initial denial, reconsideration, and a supplemental hearing, the ALJ issued his unfavorable decision on February 12, 2021, concluding Plaintiff was not disabled under the Social Security Act ("SSA"). (AR 11.) To be found disabled and qualified for Disability Insurance Benefits or Supplemental Security Income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(a) & 1382(a)(3)(A). The same five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140–142 (1987). The five-step process requires the claimant to show (1) she has not worked since the alleged disability onset date, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from doing her past work. If at any step the Commissioner determines that a claimant is or is not disabled, the inquiry ends. If the claimant satisfies her burden through step four, the burden shifts to the Commissioner to show at step five that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *see also Bowen*, 482 U.S. at 146 n. 5 (describing shifting burden at step five).

In this case, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the relevant period. (AR 17.) At step two, the ALJ found Plaintiff had "severe"[2] impairments including osteochondromatosis and cardiomyopathy. (AR 17.) The ALJ also found Plaintiff's nissen fundoplication, hiatal hernia, mild left carpal tunnel syndrome, right ulnar neuropathy, and mood disorder were nonsevere impairments; and Plaintiff's fibromyalgia and rheumatoid arthritis were not medically determinable impairments. (AR 17–18.) At step three, the ALJ found that Plaintiff's impairments did not

---

[2] An "impairment or combination of impairments" is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

meet or medically equal the severity of one of the impairments listed in 20 C.F.R., Pt 404, Subpt. P, App. 1. (AR 19.) Between steps three and four, the ALJ determined Plaintiff had the Residual Functional Capacity[3] ("RFC"), to perform sedentary work with some limitations: "[S]he can occasionally climb ramps or stairs but never ladders, ropes, or scaffolds. She can occasionally kneel, crouch, or crawl. She should avoid concentrated exposure to moving machinery and unprotected heights. Due to the distraction of pain, she cannot, reliably, sustain more than simple, repetitive tasks on a full-time basis. She requires a cane or crutches as an assistive device four to five times per week." (AR 19). At step five, based on the RFC and the testimony of the vocational expert ("VE"), the ALJ concluded Plaintiff could work as an addressor, a table worker, or an escort vehicle driver. (AR 24.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 24.) Plaintiff requested review before the Appeals Council, which was denied on December 2, 2021, thereby making the ALJ's decision the final decision of the Commissioner. (AR 1–10.) Thereafter, Plaintiff timely filed the instant action. (Doc. 1.)

The R&R found that the ALJ committed harmful error in three ways. (*See* Doc. 23.) First, the R&R determined the ALJ erred by not considering whether myofascial pain syndrome—referenced in medical records as an active and primary issue from February 2020 forward—was a medically determinable impairment at step two. (Doc. 23 at 5–8.) Because the ALJ did not factor myofascial pain into his RFC analysis and did not consider whether myofascial pain required Plaintiff to frequently change her physical position to mitigate pain, the R&R determined such err was harmful. (*Id.* at 7.) Second, the R&R determined that the ALJ erred by failing to address "supportability" and "consistency" factors consistent with the new guidelines and did not articulate which parts from consultive examiner Jeri Hassman, M.D.'s medical opinion, he found less persuasive. (*Id.* at 9–11.) Because Dr. Hassman opined that Plaintiff needed to frequently or occasionally

---

[3] "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007). A plaintiff's residual functional capacity is what they can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155–56 n.5–7 (9th Cir. 1989).

change positions to mitigate pain, and such an opinion could be material to the ultimate disability determination, the R&R concluded such err was harmful. (*Id.* at 10–11.) Lastly, the R&R determined that the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's symptom testimony regarding her need to frequently change positions to mitigate pain. (*Id.* at 13–15.) Ultimately, the R&R recommend that this Court reverse the Social Security Commissioner's decision and remand the matter for further proceedings.

## II.     Legal Standard

If neither party objects to a magistrate judge's report and recommendation, the district court is not required to review the magistrate judge's decision under any specified standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district court only needs to review magistrate judge's findings and recommendations de novo if objection is made). However, the statute for review of a magistrate judge's recommendation "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

## III.    Analysis

The deadline for filing objections was February 16, 2023.  As noted, no objections have been filed, and neither party has requested additional time to do so. Therefore, the Court may adopt the R&R on this basis alone. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (district court declined to review the magistrate judge's report because no objections were filed). The Court finds the R&R well-reasoned and agrees with Judge Ferraro's conclusions.

///

IV.     **Order**

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** Magistrate Judge Ferraro's Report and Recommendation (Doc. 23);

**IT IS FURTHER ORDERED REMANDING** this matter for further proceedings consistent with this Order;

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to enter judgment accordingly and close the file in this case.

Dated this 22nd day of February, 2023.

_____
Honorable John C. Hinderaker
United States District Judge